# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAWUD AMEEN HUSAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-1235-CDP |
| | ) |
| UNKNOWN DREWS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on the motion of plaintiff Dawud Ameen Husain for leave to commence this civil action without prepayment of the required filing fee. I have determined to grant the motion only to the extent plaintiff seeks leave to commence this action without prepayment of the filing fee. To the extent the motion seeks any other form of relief, it will be denied. In addition, I will assess an initial partial filing fee of $17.60, and will dismiss this case, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account activity statement showing a deposit of $88.00, and an average balance of $78.00. I will therefore assess an initial partial filing fee of $17.60, which is twenty percent of plaintiff's average deposit. Any claim that plaintiff is unable to pay this amount must be supported by a current certified inmate account statement.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Plaintiff's Pleading**

Plaintiff is an inmate at the St. Louis County Justice Center,[1] and is a frequent *pro se* and *in forma pauperis* litigator in this Court. He initiated the instant civil action on July 24, 2018 by filing a pleading titled "Writ of Trespass VI Et Armis" against Lieutenants Drews and Kirksey,

---

[1] Review of Missouri Case.net, the State of Missouri's online docketing system, shows that plaintiff was convicted of unlawful possession of a firearm on May 1, 2018, and on July 24, 2018 was sentenced to seven years' imprisonment. *See State v. Dawud Ameen Husain*, No. 17SL-CR03102-01 (21st Jud. Cir. 2018). In addition, plaintiff is a defendant in a presently-pending criminal action, where he is charged with unlawful possession of a firearm. *See State v. Dawud Ameen Husain*, No. 17SL-CR10246-01 (21st Jud. Cir. 2017).

Captain Jones, Officers Hudson, Munoz, Phillips "and others," Nurse Kirsten Bullock, and May Stearn.[2]

In his pleading, plaintiff states he intends to proceed pursuant to the Fourth, Fifth, Eighth and Ninth Amendments. He states he requests "this form of action, in this writ of trespass vi et armis." (Docket No. 1 at 1). He states he never waived any of his federally-protected rights, and that he "at all times has made special appearances, as opposed to general appearances in both aforementioned causes, In Propia Personna, acting as [his] own attorney." *Id.* at 1-2. He claims he has given notice to the courts and defendants that he acts as his own attorney, and that he is a "victim to invasion of privacy, cruel and unusual punishment, assault, battery, physical and mental injury by force of arms due to the actions and failure to act on the part of the [defendants]." *Id.* at 2. He states he makes a claim for damages, and "just and lawful relief." *Id.*

Attached to the complaint is a copy of a St. Louis County Justice Center incident report, detailing a July 10, 2018 incident. (Docket No. 1, attchs. 1 and 2). According to the report, Hudson asked plaintiff whether he was going to step out for court, and plaintiff refused. Drews contacted the court, and was told plaintiff was needed for sentencing. Drews, Kirksey, Jones, Munoz, and Phillips entered the housing unit on the eighth floor, where plaintiff was housed, and tried to persuade plaintiff to voluntarily walk to court, but plaintiff refused. Plaintiff was then cuffed behind his back and leg restraints were applied, but plaintiff refused to walk on his own or follow any verbal directives. Plaintiff was then placed in a restraint chair. His restraints were checked by a nurse. Later, the court clerk called to say plaintiff would be given a new sentencing date. Plaintiff was escorted back to the eighth floor and remained in the chair, and his restraints were checked every 15 minutes.

---

[2] In his pleading, plaintiff refers to himself as "Relator," and to the defendants as "Respondents." For purposes of clarity, I will use the terms "plaintiff" and "defendant."

Included in the report is plaintiff's narrative describing his version of the incident. Plaintiff writes that, on July 10, 2018, he was told to prepare to go to court, and he refused. When asked why, he replied that he believed the court was operating on fraud, and he was invoking his Fifth Amendment right to not participate in a crime. Later, more than four officers came to plaintiff's cell and ordered him to roll onto his stomach and place his hands behind his back. Plaintiff cooperated. When asked why he was refusing to go to court, he repeated his assertion that the court was a fraud and he was invoking his Fifth Amendment right to not incriminate himself. He remembers hearing people tell him he could just go to court and not say anything. Plaintiff told them that "I would not resist them if they forced me to go, but I would not use any of my body movements to go on my own." (Docket No. 1, attch. 1, at 2). Plaintiff was handcuffed and ankle-cuffed, and two officers lifted him from the bunk. They asked him to put on his slippers, but he did not do so. They took plaintiff to the lobby, placed him in a restraining chair, and strapped him in tightly. He was taken to a holding cell on a lower floor via elevator, where he remained for more than one hour. His hand and ankle cuffs were repeatedly checked for tightness, but plaintiff said they were too tight. Sometime later, plaintiff was taken from the cell and back to the eighth floor, and was unstrapped and uncuffed. He was allowed time to stand for a while to "get [his] blood back into circulation." *Id.* An officer told him he was not going to be written up for his failure to cooperate, but a different officer said he was. Plaintiff was written up and later placed in "the hole." *Id.* His belongings were brought to him a few hours later.

The incident report indicates that plaintiff plead "in violation" of refusing to go to court. It also specifies that plaintiff "waived the formal hearing, making statements such as 'have fun,' 'do whatever.'" (Docket No. 1, attch. 2). Plaintiff was given seven days in disciplinary

5

segregation. At the bottom of the report, plaintiff wrote that the information was dropped through a crack of the door of his cell while he was sleeping. He writes: "The name in all capital letters is an artificial entity, which did not suffer the physical pain, oppression, and mental suffering of Dawud Ameen, the human being." *Id.* He writes that he denies any wrongdoing and any statements misquoted from him.

## Discussion

Having carefully reviewed and liberally construed plaintiff's pleading, I conclude that it simply fails to state any actionable claims, or establish entitlement to any form of relief. Plaintiff can be understood to allege that jail officers used excessive force against him. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). In order to prevail on an excessive force claim, plaintiff must show that a defendant purposely or knowingly used objectively unreasonable force. *Id.* "Whether the application of force was unreasonable turns on the facts and circumstances of each particular case." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (quoting *Kingsley*, 135 S. Ct. at 2473). "Factors relevant to assessing the objective reasonableness of force used by officers include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*.

In the case at bar, plaintiff's allegations do not establish that any defendant knowingly or purposely used objectively unreasonable force. Plaintiff does not allege that any defendant was unnecessarily rough, or physically harmed him in any way. While plaintiff states his hands and

ankles were numb while he was in the chair, he states he was given time to recover after he was released, and he does not allege that he suffered any lasting numbness or pain, either from the restraints or as a result of any defendant's actions. I conclude that plaintiff's allegations establish that the defendants' actions were objectively reasonable in light of the need to remove him from his cell and transport him to court, and that they also establish that the officers made every available effort to temper or limit the amount of force. Also significant is the complete absence of any physical harm or injury to plaintiff. I conclude that plaintiff has failed to state a claim of excessive force under the Fourteenth Amendment.

To the extent plaintiff can be understood to allege that he was wrongfully placed in disciplinary segregation, such claim fails. While a pretrial detainee may not be placed in segregation without a due process hearing, it is obvious from the incident report that plaintiff attached to his pleading that he was given the opportunity for a hearing but waived it, and plaintiff does not allege otherwise with any specificity. Plaintiff's vague and conclusory allegations that he is a victim of "invasion of privacy, cruel and unusual punishment, assault, battery, physical and mental injury," or that he categorically denies refusing to go to court or making any statements quoted in the report, wholly lack factual support and are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678. Even *pro se* plaintiffs are required to allege facts in support of their claims, and I will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15. To the extent plaintiff can be understood to allege that he is somehow a different entity than the person referenced in the incident report, such allegations are frivolous. Finally, to the extent plaintiff can be understood to set forth a claim pursuant to common or state law, such attempt fails as it appears all of the parties are citizens of the same state. *See* 28 U.S.C. § 1332.

7

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED** to the extent plaintiff seeks leave to bring this civil action without prepayment of the filing fee, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $17.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), because it fails to state a claim upon which relief may be granted and/or because it is frivolous. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of September, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE